79 F.3d 1136
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Plaintiff, Appellee,
v.
Peter GRABLER, Defendant, Appellant.
 No. 95-2374.
 United States Court of Appeals, First Circuit.
 March 18, 1996.
 
 Appeal from the United States District Court for the District of Massachusetts; George A. O'Toole, Jr., U.S. District Judge.
 Peter Grabler on brief pro se.
 Donald K. Stern, United States Attorney, and George B. Henderson, II, Assistant United States Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 When the United States would not sell or lease land it owned to defendant-appellant Peter Grabler so that he could build a tennis court in his backyard, Grabler went ahead and built the court anyway. There is no dispute that part of the court was constructed on land owned by the government (which abutted Grabler's property). The government sued in federal district court. The district court granted the government's motion for summary judgment and ordered Grabler to remove the court and restore the land to its original condition. Grabler makes two arguments on appeal.
 
 
 2
 1. Grabler contends that a government lawyer, Theodore Smollen, committed fraud on the district court and that, as a result, the government is not entitled to an equitable remedy. Specifically, Grabler asserts that Smollen told Grabler that but for the fact that Grabler lived in an affluent neighborhood, the government would have worked something out instead of insisting that Grabler remove the tennis court. In a district court pleading, the government denied that Smollen had made this statement. Grabler argues that this denial was for the purpose of misleading the court and for the purpose of preventing him from fully presenting his counterclaim that the government had denied him equal protection of the laws by discriminating against him based on wealth.
 
 We have stated that
 
 3
 [a] "fraud on the court" occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense.
 
 
 4
 Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989). Only the "most egregious misconduct directed to the court itself" will justify a finding of fraud on the court. Pfizer, Inc. v. International Rectifier Corp., 538 F.2d 180, 195 (8th Cir.1976), cert. denied, 429 U.S. 1040 (1977). We have no trouble concluding that there was no such fraud here.
 
 
 5
 Grabler's claim fails for the simple reason that there never was an equal protection counterclaim and, further, because Grabler never raised such a claim until after he says he discovered the alleged fraud. Thus, the government's actions prior to the assertion of an equal protection violation could not have been for the purpose of preventing the district court from adjudicating the matter. Indeed, the government had no reason to formulate a scheme to interfere with a claim Grabler never made.
 
 
 6
 Finally, Grabler does not make out an equal protection violation on the merits. In a case, as here, which alleges improper selective enforcement, a litigant must show, among other things, specific instances where others "situated similarly in all relevant aspects were treated differently...." Rubinovitz v. Rogato, 60 F.3d 906, 910 (1st Cir.1995) (internal quotations and citations omitted). Grabler's references to persons who were permitted to use government land do not contain any information about how their circumstances compared to Grabler's. Nor does Grabler demonstrate any malicious intent on the government's part, another requirement for stating such a claim. See id.
 
 
 7
 2. Grabler's second appellate contention is that the injunction entered by the district court is inappropriate. We have reviewed Grabler's arguments in this regard and find that the district court did not abuse its discretion in ordering the relief it did. See Merchant & Evans, Inc. v. Roosevelt Bldg. Products Co., 963 F.2d 628, 633 (3rd Cir.1992) (the terms of an injunction are reviewed for abuse of discretion). Specifically, the order does not require Grabler to do any wetland reseeding.
 
 
 8
 Because this appeal does not present any substantial questions, we affirm the judgment of the district court. See Local Rule 27.1. The motion for a stay is denied as moot.